

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable C. O. Murdoch
County Attorney
Menard, Texas

Dear Sir:

                    Opinion No. O-3840
                    Re:  Does the District Court
                         have exclusive jurisdiction
                         to try misdemeanors involving
                         official misconduct of an
                         election judge?

        Your letter of March 1, 1941, received, which propounds the following question:

        "If an assistant election judge is indicted for violating the election law, particularly Article 225 of the Penal Code of Texas, would not the District Court have original jurisdiction of the case, under Article V, Section 8, of the Constitution of the State of Texas?"

        The pertinent part of Article V, Section 8, of the Constitution reads:

        "The District Court shall have original jurisdiction in all criminal cases of the grade of felony; in all suits in behalf of the State to recover penalties, forfeitures and escheats; of all cases of divorce; of all misdemeanors involving official misconduct."

        Article 225 of the Penal Code provides:

        "Any judge or other officer at an election who assists any voter to prepare his ballot except when a voter is unable to prepare the same . . . or who shall aid such voter by using any other than the English language . . . or shall prepare the ballot otherwise than said voter shall direct . . . shall be fined not less than $200. nor more than $500., or by confinement in jail not less than two nor more than twelve months, or both."

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

In the early case of Hatch v. State, 10 Cr. Rep. 515, the defendant was tried for permitting a prisoner to escape, which offense was a misdemeanor, the Court held that since the offense involved official misconduct the defendant could be tried only in the District Court.

In Bolton v. State, 154 S. W. 1197, the tax collector was charged with a misdemeanor in that he had failed to properly make his report. He was tried in the County Court in Dallas County and convicted. The Court of Criminal Appeals held that since the offense involved official misconduct the County Court had no jurisdiction to try the defendant because under the Constitution the District Court alone had that jurisdiction.

In Simpson v. State, 137 S. W. (2d) 1035, the Deputy Sheriff indicted for misdemeanor under Article 1157 of the Penal Code was tried in the County Court and convicted. The Court of Criminal Appeals held that since the act charged against the officer constituted official misconduct the District Court alone had jurisdiction.

It is therefore our opinion that where an election judge is indicted for violating Article 225 of the Penal Code the District Court has exclusive jurisdiction to try the defendant.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By            

Geo. W. Barcus
Assistant

GWB: AMM

APPROVED MAR 13, 1941

ATTORNEY GENERAL OF TEXAS

